The facts are stated in the opinion of the court below by ALESSANDRONI, J., as follows:
This action, to recover the sum of $10,800.00 claimed as the balance of commission agreed upon for services rendered in connection with the refinancing of a mortgage secured on defendant's property, has yet to reach the stage of a hearing upon the merits. The statement of claim was met by a rule for more specific statement of claim. To the amended statement, filed thereafter, an affidavit of defense raising questions of law was filed; the reply to the affidavit of defense containing new matter, brought forth a rule for judgment for want of a sufficient reply, which is before us at this stage.
Defendant corporation is the owner of premises 925-27 Market Street, Philadelphia, Pa., which, on June 7, 1935, was encumbered by a mortgage in the face amount of $750,000.00, as reduced, given to the Pennsylvania Company *Page 523 
for Insurances on Lives and Granting Annuities, Trustee, said mortgage bearing interest at the rate of six per cent per annum. On the last mentioned date, the following unrecorded and unacknowledged writing was delivered to the plaintiff:
 "Rogers Realty Company 925-27 Market Street Philadelphia
June 7, 1935.
Mr. Albert Smukler, Phila., Pa.
Dear Sir:
This letter will authorize Albert Smukler to act as agent for the Rogers Realty Company, to secure a first mortgage of $550,000.00 upon the premises situated and known as Nos. 925-927 Market Street in the City and County of Phila., Pa.
That the mortgage to be secured shall be for the term of five years from the time of execution bearing interest at the rate of 5% per annum payable semi-annually.
For and in consideration of the procuring of the above mortgage, the Rogers Realty Company agrees to pay to Albert Smukler the sum of Eleven Thousand Dollars.
This authorization will remain in force until September 28, 1936, and up until that date if the Mortgage is secured by Rogers Realty Company, they are responsible to Al Smukler for $11,000.
 Very truly yours, Rogers Realty Company (Corporate Seal) (Signed) Irving Blauner, President."
It has been stipulated by counsel that the plaintiff was not then and is not now licensed as a real estate broker or salesman, within the meaning of the Act of May 1, 1929, P. L. 1216, 63 Purdon Statutes Sec. 431, et seq. *Page 524 
The amended statement of claim recites, inter alia, that pursuant to his written authorization, plaintiff succeeded in having the Pennsylvania Company for Insurances on Lives and Granting Annuities enter into a formal written agreement under date of December 13, 1935, extending the existing mortgage for a term of five years from August 17, 1935, as reduced in the principal sum thereof from $575,000.00 to $550,000.00, bearing interest at the rate of five per cent per annum, said mortgage to be amortized at the rate of $12,500.00 semi-annually. At the same time the defendant paid to the Pennsylvania Company for Insurances on Lives and Granting Annuities the sum of $5,750.00, being interest at the rate of one per cent for one year on $575,000.00, the principal sum then unpaid on the mortgage. Plaintiff further avers that shortly after October 10, 1935, he communicated the terms of the proposed extension of mortgage to the President of the defendant corporation who orally agreed thereto and agreed to pay to the plaintiff the sum of $11,000.00 originally agreed upon, provided plaintiff secured a third person to purchase a subordinated interest of $25,000.00 in the said mortgage, as required by the Pennsylvania Company, which purchaser the plaintiff did procure. Within a few days after the consummation of the extension agreement on December 13, 1935, the defendant made payment to the plaintiff of $200.00 on account of the agreed commission of $11,000.00 but has refused to pay the balance thereof.
In the new matter raised in the affidavit of defense, the defendant reasserts the position taken by it in the earlier affidavit of defense raising questions of law, to wit: that the Act of May 1, 1929, P. L. 1216, requires that persons engaged in the real estate business be licensed by the Department of Public Instruction, and, unless so licensed, may not bring suit for compensation for services rendered. It is averred that plaintiff was not so licensed and held no duly executed letter of attorney authorizing him to render the service for which compensation *Page 525 
is claimed, as provided in an exception to the aforementioned Act (Section 2 (c)).
Plaintiff's reply to the new matter raises the issue of whether or not the letter of authority is a sufficient compliance with the Real Estate Broker's Act, which defendant denies and, further, that it authorizes only the obtaining of a new mortgage, whereas plaintiff obtained an extension of an existing mortgage; that the letter contemplated a five-year mortgage whereas the extension was for only four years, five months and four days. Likewise, the Rule for Judgment asserts that the letter "requires" a straight mortgage whereas the extended mortgage called for semi-annual amortization; that the said letter did not require the payment "of any bonus or premium," which the defendant was obliged to pay, nor did the letter contemplate the purchase of a subordinated interest by a third person, as required by the extension of mortgage. Fundamentally, however, it is the contention of the defendant that the action is being brought not upon the letter of authority, but rather upon the alleged oral agreement by defendant to accept the terms of the extended mortgage as proposed by the Pennsylvania Company and so consummated; that no action may lie on the then made oral agreement to pay a commission to the plaintiff, because of the provision of the Real Estate Broker's Act, supra.
Narrowed to the point of real dispute, therefore, the question raised by the present Rule is, "Did the plaintiff hold in good faith a 'duly executed letter of attorney' from the defendant-owner of the real estate authorizing 'the negotiation of any loan thereon.' " Act of May 1, 1929, P. L. 1216, Section 2 (c), 63 Purdon Statutes Section 432 (c). It is the position of the defendant that since the mortgage extension consummated differed in its terms from the provisions of the letter of authority, the plaintiff is thrown upon an alleged oral authority to proceed with the extension agreement and hence is barred from recovery: Verona v. Schenley Farms Co., 312 Pa. 57
(1933). *Page 526 
A reference to the opinion in the Verona case, supra, is enough to understand the reasons which motivated the enactment of the Real Estate Broker's License Act and the legislative history which preceded it. It is admitted, by the pleadings, that the plaintiff herein was not a licensed real estate broker or salesman, but, it is asserted, that by reason of the exception provided in Section 2 (c) of the Act, he is not barred from recovery. That section provides:
"(c) Neither of the said terms 'real estate broker' or 'real estate salesman' shall be held to include within the meaning of this act any person, firm, association, partnership or corporation who, as owner, shall perform any of the acts with reference to property owned by them, nor any person holding in good faith a duly executed letter of attorney from the actual owner of any real estate, authorizing the sale, conveyance or leasing of such real estate for and in the name of such owner, or the negotiating of any loan thereon, * * *."
The amendment to this section, adding the requirement of recordation of the letter of attorney (See 63 Purdon Statute Sec. 432 (c)), being subsequent to the letter of authority herein construed, does not affect our disposition.
We believe the answer to this question is clear. The plaintiff acted pursuant to a duly executed letter of attorney. The suggestion that the transaction consummated differed substantially from the written authority is wholly without merit at this stage of the proceeding. True it is that the letter given did not cover the details of the transaction. It is well to note, however, that as to such details, the letter of authority is silent, rather than contradictory. Bearing in mind the evil sought to be averted by the enactment of the statute, we do not believe it was ever intended by the legislature that the authority be all inclusive in detail, as suggested by the defendant. The letter authorized the plaintiff to "act as agent to secure a first mortgage of $550,000.00." This he *Page 527 
did, with such terms and conditions appended thereto as were acceptable to the defendant. No more is required to comply with the provision of the Act, else the exception permitted thereunder to afford protection to one who acts in an isolated transaction would be nullified completely. One objective sought to be averted by the legislative requirement, namely, to prevent multifarious claims based on allegations of oral agreements in real estate transactions, would, by any other construction of this Act, be turned to reach a wholly unconscionable result.
In Verona v. Schenley Farms Co., 312 Pa. 57 (1933), the authority alleged was oral and the action fell clearly within the prohibition of the statute. We have examined the paper books in Freeman v. Foster, 121 Pa. Sup. 595 (1936), and find that the only writing therein, far from being "a duly executed letter of attorney" to the plaintiff was an option to purchase, clearly insufficient.
Having passed the question of whether or not the plaintiff may bring this suit, all other questions such as the nature of his agreement or agreements with the defendant, and the quantum of performance are matters of proof upon the trial of this issue.
The other objections raised by the Rule are likewise dismissed.
Order entered dismissing rule for judgment for want of a sufficient reply to new matter. Defendant appealed.
The order is affirmed on the opinion of Judge ALESSANDRONI of the court below. Costs of this appeal to be paid by appellant. *Page 528